**Mohamed Abdi BIHI, Petitioner,**

v.

**Alberto GONZALES,* Attorney General, Respondent.**

No. 03–73744.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 15, 2005.

Ali Golchin, Law Offices of Ali Golchin, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Margaret M. Newell, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

MEMORANDUM ***

Mohamed Abdi Bihi, a native and citizen of Somalia, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), and the IJ's finding that Bihi filed a frivolous asylum application. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny this petition.

Substantial evidence supports the IJ's adverse credibility finding because Bihi's testimony was inconsistent regarding key elements of his asylum application that

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

went to the heart of his claim, including his identity (name and birth date), clan membership and the harm his family suffered. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (upholding adverse credibility finding where inconsistencies went to key elements of the asylum application, including identity and membership in a persecuted group).

Because Bihi did not establish that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See id.*

Furthermore, because Bihi points to no other evidence to support his CAT claim, substantial evidence supports the BIA's denial of relief under CAT. *See id.* at 1156–57.

Substantial evidence also supports the IJ's conclusion that Bihi deliberately fabricated information in his final asylum application. *Cf. id.* at 1157–58.

PETITION FOR REVIEW DENIED.